## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OLGA G. SCHAEFER,

       Plaintiff,

vs.                                No. CIV 06-460 JB/ACT

MARIA THERESA ANTILL and
R. J. SCHAEFER REALTY &
INVESTMENTS, INC., and
PENSION PLANNING CONSULTANTS, INC.

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Attorneys' Fees and Costs, filed February 14, 2007 (Doc. 61). The Court held a hearing on the motion on September 26, 2007. The primary issue is whether the Court should award Plaintiff Olga G. Schaefer attorneys' fees and costs because she was the prevailing party in the litigation. For the reasons that the Court stated at the hearing, and for reasons stated herein consistent with those already stated, the Court grants the motion for costs, but denies the motion for fees.

## ANALYSIS

In its Complaint and in its briefing on the Plaintiff's Motion for Summary Judgment, filed December 6, 2006 (Doc. 28), Schaefer asked for attorneys fees, but did not elaborate about the basis for them or argue about them. See Complaint for Declaratory Judgment at 9, filed June 1, 2006 (Doc. 1); Reply Brief in Support of Plaintiff's Motion for Summary Judgment with Respect to Schaefer Realty's Response at 11, filed January 18, 2007 (Doc. 53)("Pursuant to 29 U.S.C. §1132(g), Olga Schaefer requests that she be awarded her attorneys' fees and costs incurred in

pursuing this matter."); Reply Brief in Support of Plaintiff's Motion for Summary Judgment with Respect to Children's Response at 12, filed January 18, 2007 (Doc. 54). The Defendants did not discuss fees in the briefing, and an award of fees was not mentioned at the Court's January 22, 2007 hearing on the motion for summary judgment.

In its Memorandum Opinion and Order, filed January 31, 2007 (Doc. 59), the Court concluded that there was no material factual dispute regarding whether Schaefer is the sole beneficiary of decedent of Robert J. Schaefer's account(s) with the R. J. Schaefer Realty and Investments, Inc. ("Schaefer Realty") Profit Sharing Plan and Schaefer Realty Retirement Plan, and that Schaefer was entitled to judgment as a matter of law, and granted Schaefer's summary judgment motion. The Court also ordered Schaefer Realty and Defendant Maria Theresa Antill to distribute the assets of the Profit-Sharing Plan to Schaefer. In a final footnote at the end of the Opinion and Order, the Court stated: "The Defendants request attorneys' fees and costs, but provide no basis for such an award. Under the America rule, fees and costs are not shifted unless some rule or statute creates an exception. The Defendants point to no exception, and none appears available." Memorandum Opinion and Order at 30 n.6. That same day, the Court entered a Final Judgment in favor of the Plaintiff and against the Defendants on all claims, and dismissed the case with prejudice. See Final Judgment, filed January 31, 2007 (Doc. 60).

The Court's footnote was incorrect in two respects. First, the Court intended to deny Schaefer's requests for attorneys' fees, not the Defendants. Second, the Court did not realize that Schaefer had cited a statute that creates an exception to the American Rule.

No party moved for reconsideration of this footnote, which is understandable. Because the Court's wording did not mention the Plaintiff's request, Schaefer had no reason to move to reconsider. And because the Defendants did not ask for fees, there was no reason for them to move

the Court to reconsider that portion of the order.

Because Schaefer's motion is not a motion for reconsideration of the Court's January 31, 2007, or Final Judgment, rule 59(e)'s time limits are not applicable. Under the local rules, Schaefer had thirty days from the date of the Final Judgment to file a request for fees. See D.N.M. LR–Civ. 54.5(a) ("A motion for attorney's fees . . . must be filed and served within thirty (30) calendar days after entry of judgment."). Because Schaefer filed her motion on February 14, 2007, this motion is timely. The Court will thus deny Schaefer Realty's request that the Court grant it fees incurred in responding to the motion.

Schaefer has submitted a receipt for the filing fee in the amount of $350.00. The Defendants do not contest the request for this cost. The Court will thus award Schaefer $350.00 in costs.

In determining whether to allow fees under 29 U.S.C. § 1132(g), the United States Court of Appeals for the Tenth Circuit has instructed courts to consider the following factors:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to personally satisfy an award of attorneys fees; (3) whether or not an award of attorneys fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

Eaves v. Penn, 587 F.2d 453, 465 (10th Cir. 1978). "[T]he granting of attorney's fees under ERISA is not to be done as a 'matter of course'" and, instead, is within the trial court's discretion. Gordon v. U.S. Steel Corp., 724 F.2d 106, 108 (10th Cir. 1983)(citation omitted). No single factor of itself can require an award, and at least a majority of the factors must weigh in favor of the claimant to justify an award. See Goodall v. Gates Corp., No. 93-1281, 1994 WL 584555, *4 (10th Cir. Oct. 25, 1994)(citing Gordon v. U.S. Steel Corp., 724 F.2d at 109)("The factors are only guidelines and no single factor is dispositive."); Britton v. Long Term Disability Ins. Plan of Lovelace Institutes, 217

F.Supp.2d 1207, 1211 (D.N.M. 2002)(denying attorney's fees because "only two of the five Gordon factors are satisfied . . . .").

As to the first factor, while Schaefer feels that she has been treated badly by the children, and may be treated with some disdain, the Court is most familiar with the motion for summary judgment filed in this case, and believes that the Schaefer Realty's defense was based on its good faith arguments of law and fact. While the Court ultimately determined that Schaefer Realty's defense was incorrect, the Court does not believe that the defense was so meritorious that it should result in an additional award for Schaefer. The Court concludes that Schaefer Realty acted in good-faith attempt to determine the proper beneficiary of the retirement plan, and that the Court should not assign relative culpability/bad faith to Schaefer Realty. This factor weighs against an award of fees.

The second factor, the ability of Schaefer Realty and/or the children to satisfy an award of attorneys' fees, favors awarding Schaefer her fees. According to Antill, the personal representative, Schaefer's separate property amounts to more than $1,344,821.00. <u>See</u> Memorandum Brief in Support of Attorneys' Fees and Costs, filed February 14, 2007, Exhibit 3, Amended Inventory and Appraisal (dated Oct. 27, 2007). Of that amount, $430,454.00 is contained in Schaefer Realty. The Court believes that Schaefer Realty alone, or, if appropriate, with the children, can handle a fee award of $30,043.00. This factor weighs in favor of an award of fees.

The third factor asks whether an award of fees "would deter others from acting under similar circumstances." <u>Gordon v. U.S. Steel Corp.</u>, 724 F.2d at 109. To have credible deterrent effect, the case must be similar enough to those likely to occur in the future that an analogy exists. See <u>Biava v. Insurers Admin. Corp.</u>, Nos. 94-2013, 94-2014, 1995 WL 94461, at *7 (10th Cir. March 1, 1995)(affirming district court's conclusion that the third factor did not apply to "a rather unusual case which will not likely occur often in the future"). While the facts of any case can be described

-4-

so specifically as to appear unusual or unlikely to be repeated, the question was, at least in part, whether a beneficiary designation remained valid when it came before the decedent's seventh re-marriage and when the re-marriage was of questionable validity.  The Court is not convinced that the case is so ordinary that an award of fees will have much, if any, deterrent value or effect.  Thus, the fourth factor does not favor awarding fees.

The fourth factor is either not applicable to this case, as Schaefer contends, or weighs against awarding fees, as Schaefer Realty argues.  Schaefer's case resulted in no benefit to plan members other than herself.  See Biava v. Insurers Admin. Corp., 1995 WL 94461, * 7 (noting that fourth factor did not support fees in the absence of a "significant benefit to other [plan' participants" or resolution of "significant legal questions regarding ERISA."); Ellison v. Shenango Inc. Pension Bd., 956 F.2d 1268, 1275 (3rd Cir. 1992)("seeking . . . simply the recovery of benefits from the plan that are due [the seekers] alone,'" does not justify a fees award)(quoting Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1265 (5th Cir. 1980)(further citation omitted in original); Britton v. Long Term Disability Ins. Plan, 217 F.Supp.2d at 1211 (similar).  Even if this factor does not weigh against an award of fees, it does not weigh in favor of an award.

Fifth, Schaefer Realty's defenses to Schaefer's claim were that there were competing claims for the funds, that it was unclear as a matter of law whom the decedent had designated as the beneficiary of the Retirement Plan, and that it was unclear as a matter of fact whether Schaefer validly married the decedent.  These defenses do not, particularly taken cumulatively, that the Court can say that they lacked any merit or were raised in bad faith.  The Court's comment regarding delay in its January 31, 2007 Memorandum Opinion and Order at 3 related to Schaefer Realty's request for time to additional discovery and was not a comment on Schaefer Realty's entire defense.  This factor, for reasons similar and related to those set forth for the first factor, do not weigh in favor of

an award of fees.

Only one factor weighs in favor of an award of fees, and most, if not all, of the other factors counsel against an award.  Accordingly, the Court will not shift Schaefer's attorney fees to the Defendants.  And because the Court has determined that no award of fees is appropriate under the circumstances of this case, the Court need not address the reasonableness of the fees that Schaefer requests.

**IT IS ORDERED** that the Motion for Attorneys' Fees and Costs is granted in part and denied in part.  The Plaintiff is awarded $350.00 in costs.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Thomas Smidt, III
Thomas Smidt, II
Tax, Estate & Business Law, NA, LLC
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Randolph L. Hamblin
Hurley, Toevs, Styles, Hamblin & Panter, P.A.
Albuquerque, New Mexico

   *Attorney for Defendant Maria Theresa Antill*

Adam E. Lyons
Eric R. Burris
Nancy A. Strelau
Brownstein Hyatt Farber Schreck, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendant R. J. Schaefer Realty & Investments, Inc.*